IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FFGGP, INC., AS TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0470-B |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1, | § § § § § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

Pursuant to the Status Report Order (Doc. No. 4), Plaintiff FFGGP, Inc., as Trustee ("Plaintiff"), and Defendant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2008-1, Asset-Backed Certificates, Series 2008-1 ("Deutsche Bank Trustee") (collectively, the "Parties") hereby file this Joint Status Report.

Counsel for Plaintiff, Kenneth S. Harter, and counsel for Deutsche Bank Trustee, Matthew K. Hansen, met face-to-face on March 12, 2024, and conferred regarding the matters specified in Rule 26(f) and the Status Report Order.

**1.    A brief statement of the nature of the case, including the contentions of the parties.**

**Plaintiff's Contentions**: This matter pertains to real property located at 1036 East Oaklawn Drive, Terrell, Texas 75160 (the "Property"). Plaintiff alleges that Deutsche Bank Trustee's borrowers allegedly defaulted on their agreement to pay past due amounts and assessments to their homeowners' association. Plaintiff contends that it purchased the Property at

a foreclosure sale, subject to Deutsche Bank Trustee's superior lien. Plaintiff filed the State Court Action—its fourth lawsuit—asserting that Deutsche Bank Trustee's lien was void ab initio. Plaintiff also argues that the statute of limitations expired in December 2015. Plaintiff seeks a judgment to quiet title, as well as court costs.

**Deutsche Bank Trustee's Contentions**: Deutsche Bank Trustee denies Plaintiff's claims in their entirety and further denies that Plaintiff is entitled to any of the relief it seeks in this lawsuit. Deutsche Bank Trustee contends that Plaintiff's claims are barred by res judicata because a court has already adjudicated on these claims on the merits before in 2016 (Case No. 4:16-cv-00417-Y in the U.S. District Court for the Northern District of Texas, Fort Worth Division) and again in 2018 (Case No. 3:16-cv-00742-M-BK in the U.S. District Court for the Northern District of Texas, Dallas Division).

2. **Any challenge to jurisdiction or venue, including any procedural defects in the removal, if the case was removed.**

    None.

3. **Any pending motions.**

    None.

4. **Any matters which require a conference with the court.**

    None at this time.

5. **Likelihood that other parties will be joined or the pleadings amended.**

    The Parties are not aware of any additional parties that will be joined at this time. However, it is possible that additional parties could be identified through discovery. Further, it is possible that the Parties may learn of additional or different information through discovery that requires amendment of their respective pleadings.

6. **The Parties respond to the inquiries regarding discovery below:**

    **a. An estimate of the time needed for discovery, with reasons.**

The Parties estimate that at least nine (9) months is needed for discovery. The Parties will need to conduct written discovery on the facts underlying Plaintiff's claims and requested quiet-title relief. In addition, Deutsche Bank Trustee intends to depose Plaintiff and any other persons with knowledge of relevant facts. The deposition and written discovery may reveal information requiring additional discovery.

    **b. A specification of the subjects on which discovery may be needed.**

Discovery will be needed on all issues relevant to Plaintiff's claims and all issues relevant to Deutsche Bank Trustee's defenses. Specifically, the subjects on which discovery will be needed include, without limitation: Deutsche Bank Trustee's borrowers' origination and subsequent performance under the loan at issue, Deutsche Bank Trustee's acceleration and foreclosure rights under the relevant loan documents, Plaintiff's acquisition of the Property subject to Deutsche Bank Trustee's superior lien, and related issues. The Parties anticipate that their initial investigations and discovery efforts will reveal additional subjects on which discovery may be needed.

    **c. Whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

At this time, the Parties do not believe that discovery should be conducted in phases or limited to any particular issues.

**7.** **Any issues related to disclosure or discovery of electronically stored information, including form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

Any disclosure or discovery of electronic files should be produced in printed form or PDF. The Parties wish to serve discovery requests and responses exclusively by email. There are no disputes regarding the disclosure or discovery of electronically stored information at this time.

.

**8. Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order.**

The need to resolve issues of privilege is not anticipated. If any claims of privilege arise, they should be asserted during the course of production. With respect to protection, Deutsche Bank Trustee requests the entry of an agreed protective order properly limiting use and disclosure of the production of its borrowers' confidential, nonpublic, personal information, including sensitive financial information.

**9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

There should be no changes to the limitations on discovery under either the federal or local rules.

**10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

It is not anticipated any orders under Rule 26(c) or 16(b) or (c) should be issued at this time.

**11. Proposed deadlines with specific dates that limit the time to**

   **a. Join other parties and to amend the pleadings.**

   June 7, 2024.

   **b. File motions, including summary judgment and other dispositive motions.**

   January 26, 2025.

   **c. Complete discovery.**

   December 13, 2024.

   **d. Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

   Plaintiff anticipates being able to designate any experts and provide a report by August 2,

2024. Deutsche Bank Trustee anticipates being able to designate any rebuttal experts and provide a report by September 6, 2024.

12. **Requested trial date, estimated length of trial, and whether jury has been demanded.**

The Parties estimate that the trial will last approximately 3 days, and Plaintiff has not demanded a jury. The Parties request that the trial be set in May 2025.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

The Parties do not consent to trial before a United States Magistrate Judge at this time.

14. **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

The Parties have engaged in and continue to engage in settlement negotiations to reach a mutually satisfactory resolution of this matter. Given the prior lawsuits and the final judgments entered in those lawsuits, it has been difficult to identify a settlement alternative that is attractive to both Parties. Nevertheless, the Parties are committed to exploring settlement alternatives.

15. **What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* would it be most effective.**

In the event that the current settlement discussions do not result in a settlement, the Parties agree to engage in mediation at an agreed-upon date and with an agreed-upon mediator. The Parties have agreed to select a mediation date and a mediator after the Parties have had a reasonable time to conduct discovery to fully develop their positions.

16. **Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Cynthia K. Timms**
Texas Bar No. 11161450
ctimms@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT**

**-AND-**

*/s/ Kenneth S. Harter with permission*
Kenneth S. Harter
Texas Bar No. 09155300
ken@kenharter.com
LAW OFFICES OF KENNETH S. HARTER
6160 Warren Parkway, Suite 100
Frisco, Texas 75034
Telephone: (972) 752-1928
Facsimile: (214) 206-1491

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of March 2024, a true and correct copy of the foregoing instrument was served on the following counsel of record *via CM/ECF and/or email* according to the Federal Rules of Civil Procedure:

Kenneth S. Harter
Texas Bar No. 09155300
ken@kenharter.com
LAW OFFICES OF KENNETH S. HARTER
6160 Warren Parkway, Suite 100
Frisco, Texas 75034
Telephone: (972) 752-1928
Facsimile: (214) 206-1491

*Counsel for Plaintiff*

                            */s/ Helen O. Turner*
                            Counsel for Defendant