UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FFGGP, INC., as Trustee <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES SERIES 2008-1 BY OCWEN LOAN SERVICING, LLC ITS ATTORNEY IN FACT <br><br> Defendant. | §§§§§§§§§§§§§§§§§ | Civil Action 3:24-cv-0470-B |

**RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND**
**REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff suggests that the key to this case is the erroneous assertion by DEUTSCHE BANK that: "FFGGP has not furnished any evidence proving that Deutsche Bank Trustee accelerated the debt in 2019".[1]  This statement ignores Exhibit 1-I to Plaintiff's Motion: a "Notice of Posting and Sale" sent by Deutsch's foreclosure counsel on January 4, 2019, and the Notice of Foreclosure Sale posting the property for sale on February 5, 2019.  Attached to that correspondence to the borrower is the Default Order rendered under Rule 736, Tex.R.Civ.Pro., dated December 16, 2015.

Contrary to the bank's wrong statement that the loan was not accelerated in 2019, the

---
[1] Page 2, DKT 25

Reply - Motion for Summary

evidence is uncontradicted that it was accelerated. Further, Defendant provides no evidence that the acceleration was abandoned. In fact, in Plaintiff's Request for Production, such category of documents was requested, and none were provided.

Deutsche insists that the claim brought here, that the 2019 acceleration of its note prevents it from now enforcing the deed of trust, is barred by res judicata because of the judgment in its favor rendered in the second case brought. This argument fails. That case was brought before 2019 and decided before 2019, and therefore it could not have addressed or precluded claims based upon limitations accruing in 2019 and terminating the powers of sale in 2023.

Deutsche makes another incorrect assertion of fact. Deutsche insists that the loan was not accelerated again after an abandonment of acceleration issued in 2015. The property was posted for sale on January 25, 2016, for the March 1, 2016 sale.[2]

Deutsche correctly notes that these parties were litigating the issue of limitations in the County Court at Law #2, Kaufman County, Texas, and that the case was dismissed for want of prosecution.[3] At issue in that case was a 2015 acceleration. There was no judgment on the merits. Before the case was dismissed both parties filed Motions for Summary Judgment. The court did not address the motions before dismissing the case. In that case Plaintiff did not put in issue the 2019 acceleration because the case was filed before that could have been an issue.

RES JUDICATA CANNOT APPLY

The elements of res judicata: "Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *In re Ark–La–Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir.2007)." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d

---

[2] See Exhibit 1-A. In the unlikely event that Deutsche was unable to locate this in their archives, these documents were produced to it by Plaintiff in the earlier litigation.
[3] Both parties moved the court to reinstate the case. The court denied the motion.

Reply - Motion for Summary

398, 401 (5th Cir. 2009). The first three elements are present. The fourth element is not present because the same issue is not being litigated. The second lawsuit upon which Deutsche depends was filed, litigated and concluded before the 2019 acceleration. Issues regarding the compliance of the loan with the Texas Constitution or other similar issues are certainly off the table at this point. However, what we have here is a 2019 acceleration that was not the subject of any of the previous litigation.[4]

"Res judicata does not operate as a bar to litigation when the second claim could not be raised in the previous litigation." Barnes v. United Parcel Serv., Inc., 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)  In **Barnes**, the Court held that the claim of res judicata must fail because the issues in that case were not the same as the issues in the previous suit. "Because we conclude that the issues decided by the Department of Workers' Compensation are not identical to those presented in this action for gross negligence, we reverse and remand for further proceedings." Id at 169.  (See too: "Res judicata does not operate as a bar to litigation when the second claim could not have been raised in the previous litigation."  Whallon v. City of Houston, 462 S.W.3d 146, 155–56 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)

In conclusion, the summary judgment evidence is uncontradicted that the underlying mortgage note was accelerated in 2019. There is no evidence that the acceleration was abandoned. Therefore, Plaintiff is entitled to summary judgment.

DEUTSCHE urges[5] that FFGGP provided no evidence of a 2019 acceleration. The provenance of this assertion is unclear, as the January 4, 2019 Notice of Posting and the Notice of Sale were issued by it (or at its behest) and has been proffered by Plaintiff in its motion.[6]  FFGGP cannot explain, and DEUTSCHE does not explain, why it failed to produce evidence of the

---

[4] As discussed in the Motion, the third case was based upon the 2015 acceleration. During that litigation Deutsche never produced any evidence of abandonment. Rather, it relied upon the theory of subrogation.
[5] Page 20 of its Memorandum
[6] The documents are reproduced here, again, as Exhibit 1-B

Reply - Motion for Summary

abandonment of the 2015 acceleration upon which it now so heavily relies while the parties were litigating the earlier Kaufman County case.[7]  But this is moot now, inasmuch as it re-posted the property in January 2019.

## TENDER IS A NON-ISSUE

Finally, DEUTSCHE urges that because there is no evidence that FFGGP tendered the amount due under the note it is now precluded from seeking relief.  It cites a case that tender is required on sums owed on the note.[8]  However, in this case FFGGP insists that the deed of trust is now unenforceable.  It would be a fool's errand to pay off a note that cannot be enforced, and it would be a most unusual precept in the law to require payment of an unenforceable obligation as a condition precedent to a determination that the obligation is unenforceable.

## CONCLUSION

Res judicata does not apply and cannot apply because the facts made the basis of Plaintiff's suit did not exist at the time of the earlier litigation.  The summary judgment evidence conclusively shows the acceleration and there is no evidence of abandonment.  The issue of tender is a non-issue as tender cannot be required to litigate the enforceability of a note.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court grant its Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300

LAW OFFICES OF KENNETH S. HARTER
6160 Warren Pkwy Suite 100
Frisco, Tx. 75034
(972) 752-1928
Fax (214) 206-1491
ken@kenharter.com

---

[7] As explained in the Motion for Summary Judgment, this document was not produced until DEUTSCHE filed its Motion for New Trial in the state court.
[8] Cook-Bell vs. Morg. Elec. Registration Sys., Inc., 868 F.Supp 2nd 585, 591 (N.D. 2012)

Reply - Motion for Summary

                                        Attorneys for Plaintiff

                                      CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel of record on August 7, 2024, via the ecf system.

                                        /s/ Kenneth S. Harter
                                        Kenneth S. Harter

EXIBHIT 1

UNSWORN DECLARATION MADE PURSUANT TO
C.P.R.C. §132.001

STATE OF TEXAS
COUNTY OF COLLIN

    My name is KENNETH S. HARTER.  I am above the age of 18.  I am competent to make this Declaration.   All facts stated herein are within my personal knowledge and are true and correct.

    Attached hereto and marked Exhibit 1-A is a true and correct copy of the foreclosure posting for the property the subject of this suit for March 1, 2016.

    Attached hereto as Exhibit 1-B is a true and correct copy of the Notice of Acceleration and Sale for 2019.

    I had represented FFGGP in the third lawsuit in Kaufman County Court at Law.  During that case Defendant never produced any document indicating an abandonment of the 2015 acceleration.  During the litigation it relied upon the argument that it was entitled to enforce the original, purchase money deed of trust, based upon principles of subrogation.  The letter purporting to abandon the 2015 acceleration was not produced by the bank until it filed its Motion for New Trial in this case, before it was removed to this Court.

.

    /s/ Kenneth S. Harter
    Kenneth S. Harter

JURAT

    My name is KENNETH S. HARTER.  My date of birth is 02/19/1954.  My business address is 6160 Warren Pkwy, Suite 100, Frisco, Tx.,.75034.  The forgoing is made under penalty of perjury, and is true and correct.  Signed on August 7, 2024.

    /s/ Kenneth S. Harter
    Kenneth S. Harter

EXHIBIT 1-A

# NOTICE OF FORECLOSURE SALE

FILED FOR RECORD
KAUFMAN CO. TEXAS

2016 JAN 25 AM 8:02

LAURA A. HUGHES
COUNTY CLERK
[signature]
DEPUTY

1. **Property to Be Sold.** The property to be sold is described as follows:

BEING LOT 70 OF WINNERS CIRCLE ADDITION, AN ADDITION IN KAUFMAN COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN CABINET 2, PAGE 143, PLAT RECORDS OF KAUFMAN COUNTY, TEXAS, AS RATIFICATION OF SAME RECORDED IN VOLUME 1232, PAGE 829, DEED RECORDS OF KAUFMAN COUNTY, TEXAS.

2. **Instrument to be Foreclosed.** The instrument to be foreclosed is the Deed of Trust dated 07/16/2007 and recorded in Book 3212 Page 230 Document 2007-00017611 real property records of Kaufman County, Texas.

3. **Date, Time, and Place of Sale.** The sale is scheduled to be held at the following date, time, and place:

Date:   03/01/2016

Time:   The sale will begin no earlier than 10:00 AM or no later than three hours thereafter.

Place:  Kaufman County Courthouse, Texas, at the following location: THE FRONT STEPS OF KAUFMAN COUNTY COURTHOUSE OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE or as designated by the County Commissioners Court.

4. **Terms of Sale.** The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property.

Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property.

Prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the deed of trust. The sale shall not cover any part of the property that has been released of public record from the lien of the deed of trust. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

5. **Obligations Secured.** The Deed of Trust executed by JUDY CARTER AND DOROTHY SMITH, provides that it secures the payment of the indebtedness in the original principal amount of $161,825.00, and obligations therein described including but not limited to (a) the promissory note; and (b) all renewals and extensions of the note. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 is the current mortgagee of the note and deed of trust and OCWEN LOAN SERVICING, LLC is mortgage servicer. A servicing agreement between the mortgagee, whose address is DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 c/o OCWEN LOAN SERVICING, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and the mortgage servicer and Texas Property Code § 51.0025 authorizes the mortgage servicer to collect the debt.

6. **Default and Request to Act.** Default has occurred under the deed of trust and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 obtained an Order from the COUNTY COURT AT LAW 2 - Kaufman of Kaufman County on 12/16/2015 under Cause No. 93568-CC2. The mortgagee has requested a Substitute Trustee conduct this sale pursuant to the Court's Order and notice is given that before the sale the mortgagee may appoint another person substitute trustee to conduct the sale.

[signature]
_____
RANDY DANIEL, CINDY DANIEL, JIM O'BRYANT, CARL NIENDORFF, MICHAEL W. ZIENTZ, Donna Stockman or David Stockman
c/o AVT Title Services, LLC
13770 Noel Road #801529
Dallas, TX 75380-1529

11-001580-670
1036 EAST OAKLAWN DRIVE
TERRELL, TX 75160

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

CONFIDENTIAL                                                                                   Ocwen-Smith000466

EXHIBIT 1-B

9307 1100 1170 0984 6550 23

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PHONE (214) 635-2650  FAX (214) 635-2686

PARKWAY OFFICE CENTER, SUITE 900
14160 NORTH DALLAS PARKWAY
DALLAS, TEXAS 75254
* PLEASE RESPOND TO DALLAS OFFICE

UNION PLAZA
124 WEST CAPITOL, SUITE 1560
LITTLE ROCK, ARKANSAS 72201

11-001580-670-6
January 4, 2019
CERT MAIL
FFGGP, INC., AS TRUSTEE FOR EAST OAKLAWN 1036 LAND TRUST
9090 SKILLMAN STREET, SUITE 182-A PMB 352
DALLAS, TX 75243

RE: PROPERTY: 1036 EAST OAKLAWN DRIVE, TERRELL, TX 75160
    MWZM No.: 11-001580-670-6

### NOTICE OF FORECLOSURE SALE

Dear FFGGP, INC., AS TRUSTEE FOR EAST OAKLAWN 1036 LAND TRUST,

We have been retained by OCWEN LOAN SERVICING, LLC, Mortgage Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1, the current Mortgagee of a Note and Deed of Trust related to the above referenced loan. A servicing agreement between the Mortgagee, whose address is:

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1
C/O OCWEN LOAN SERVICING, LLC
1661 WORTHINGTON ROAD, SUITE 100
WEST PALM BEACH, FL 33409

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt. We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust. We are sending you this notice as you may have an interest in the property.

On 02/05/2019 the Trustee or Substitute Trustee will sell to the highest cash bidder, the property legally described in the enclosed Notice of Foreclosure Sale. The sale will occur at the Kaufman County Courthouse in the area designated by the Kaufman County Commissioner's Court, or if no such area has been designated by the Commissioner's Court then in the usual and customary location in that County. We have enclosed a copy of the Notice of Foreclosure Sale, which is being posted at the Kaufman County Courthouse in accordance with Texas law and the provisions of the Deed of Trust.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Sincerely yours,

*[signature]*

Mackie Wolf Zientz & Mann, P.C.

Enclosed:   Notice of Foreclosure Sale

## NOTICE OF FORECLOSURE SALE

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OR ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

1. *Property to Be Sold.* The property to be sold is described as follows:

BEING LOT 70 OF WINNERS CIRCLE ADDITION, AN ADDITION IN KAUFMAN COUNTY, TEXAS ACCORDING TO THE MAP THEREOF RECORDED IN CABINET 2, PAGE 143, PLAT RECORDS OF KAUFMAN COUNTY, TEXAS. RATIFICATION OF SAME RECORDED IN VOLUME 1232, PAGE 829, DEED RECORDS OF KAUFMAN COUNTY, TEXAS.

2. *Instrument to be Foreclosed.* The instrument to be foreclosed is the Deed of Trust dated 07/16/2007 and recorded in Book 3212 Page 230 Document 2007-00017611 real property records of Kaufman County, Texas.

3. *Date, Time, and Place of Sale.* The sale is scheduled to be held at the following date, time, and place:

Date:   02/05/2019

Time:   10:00 AM

Place:  Kaufman County Courthouse, Texas, at the following location: THE FRONT STEPS OF KAUFMAN COUNTY COURTHOUSE OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE or as designated by the County Commissioners Court.

4. *Terms of Sale.* The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust.

5. *Obligations Secured.* The Deed of Trust executed by JUDY CARTER AND DOROTHY SMITH, provides that it secures the payment of the indebtedness in the original principal amount of $161,825.00, and obligations therein described including but not limited to (a) the promissory note; and (b) all renewals and extensions of the note. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 is the current mortgagee of the note and deed of trust and OCWEN LOAN SERVICING, LLC is mortgage servicer. A servicing agreement between the mortgagee, whose address is DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 c/o OCWEN LOAN SERVICING, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and the mortgage servicer and Texas Property Code § 51.0025 authorizes the mortgage servicer to collect the debt.

6. *Order to Foreclosure.* DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1 obtained a Order from the COUNTY COURT AT LAW 2 - Kaufman of Kaufman County on 12/16/2015 under Cause No. 93568-CC2. The mortgagee has requested a Substitute Trustee conduct this sale pursuant to the Court's Order.

7. *Substitute Trustee(s) Appointed to Conduct Sale.* In accordance with Texas Property Code Sec. 51.0076, the undersigned attorney for the mortgage servicer has named and appointed, and by these presents does name and appoint RANDY DANIEL, CINDY DANIEL, JIM O'BRYANT, CARL NIENDORFF, MICHAEL W. ZIENTZ, Donna Stockman or David Stockman, Substitute Trustee to act under and by virtue of said Deed of Trust.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

11-001580-670-6 // 1036 EAST OAKLAWN DRIVE, TERRELL, TX 75160