IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FFGGP, INC., AS TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1, | § | |
| | § | |
| Defendant. | § | Civil Action No. 3:24-cv-00470-B |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2008-1, ASSET-BACKED CERTIFICATES, SERIES 2008-1, | § | |
| | § | |
| Defendant/Counter-Plaintiff and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FFGGP, INC., AS TRUSTEE, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| ESTATE OF JUDY COLENA CARTER AND ESTATE OF DOROTHY ELIZABETH SMITH, | § | |
| | § | |
| Third-Party Defendants. | § | |

**DEUTSCHE BANK TRUSTEE'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

To assist the Court in its review of Deutsche Bank Trustee's Cross-Motion for Partial Summary Judgment and FFGGP's Response, Deutsche Bank Trustee files this Reply Brief.

## I.  SUMMARY

Deutsche Bank Trustee moved for summary judgment on the following grounds:

- Deutsche Bank Trustee's summary-judgment evidence establishes the strength of its own superior title to succeed on its trespass-to-try-title counterclaim.

- FFGGP's quiet-title claim premised on three acceleration dates—2011, 2015, and 2019—fails and should be dismissed because:

    1. Res judicata bars the limitations claim premised on the 2011 acceleration because a court has already determined that any purported acceleration by Deutsche Bank Trustee in 2011 was deemed abandoned and rejected FFGGP's limitations claim.

    2. Deutsche Bank Trustee timely and unequivocally abandoned the 2015 acceleration by sending correspondence requesting less than the accelerated balance due on the 2007 Loan before the limitations period expired.

    3. Deutsche Bank Trustee's evidence demonstrates that Deutsche Bank Trustee never re-accelerated the debt in 2019, or at any point since, to trigger the limitations period.

    4. FFGGP cannot demonstrate a valid tender—a necessary requirement to obtain quiet-title relief.

FFGGP has not raised a material fact question as to any of these grounds for summary judgment:

- Deutsche Bank Trustee moved for summary judgment on res judicata on the ***2011*** acceleration. FFGGP does not respond to that argument. FFGGP only argues that res judicata does not apply to its arguments about a subsequent acceleration. Summary

judgment should be granted in favor of Deutsche Bank Trustee as to the 2011 acceleration because res judicata bars those claims.

- FFGGP has not addressed Deutsche Bank Trustee's evidence showing that Deutsche Bank Trustee abandoned the 2015 acceleration of the 2007 Loan by sending two letters to the Borrowers—both of which requested less than the total accelerated balance due.[1]

- With respect to the 2019 acceleration, FFGGP argues that Deutsche Bank Trustee accelerated the 2007 Loan in 2015 and never abandoned such acceleration. That is wrong. *See* previous bullet point. In the alternative, FFGGP speculates that Deutsche Bank Trustee must have re-accelerated the debt based on the 2019 notice of sale. This argument is incorrect. Acceleration requires two affirmative acts: (1) a clear and unequivocal pre-acceleration notice of intent to accelerate, and (2) notice of acceleration. There is no evidence that Deutsche Bank Trustee re-accelerated the 2007 Loan after it abandoned the 2015 acceleration.

- Finally, FFGGP argues it does not need to establish that it tendered the required sums owed on the 2007 Loan to Deutsche Bank Trustee because the loan obligation is allegedly "unenforceable." This argument is incorrect because the 2007 Loan is enforceable and a valid tender offer is required in order to obtain a judgment quieting title to the Property.

The Court should grant Deutsche Bank Trustee's Cross-Motion for Partial Summary Judgment.

---

[1] Doc. No. 27 at 17–20.

## II. ARGUMENTS AND AUTHORITIES

### A. FFGGP Does Not Respond to Deutsche Bank Trustee's Arguments in Support of its Counterclaim for Trespass To Try Title

Deutsche Bank Trustee moved for summary judgment on its counterclaim for trespass to try title against FFGGP, seeking to recover title and possession of the Property.[2] Deutsche Bank Trustee presented evidence establishing: (1) its superior title to the Property, (2) an uncured default on the 2007 Loan, (3) Deutsche Bank Trustee's possessory right to foreclose on the Property, and (4) FFGGP's continuous interference with Deutsche Bank Trustee's possessory rights.[3] But FFGGP fails to provide either evidence or arguments to preclude summary judgment on Deutsche Bank Trustee's trespass-to-try-title claim.

### B. FFGGP Does Not Respond to or Present Controverting Evidence to Deutsche Bank Trustee's Res Judicata Arguments that a Prior Court Already Adjudicated the Limitations Claim Based On the Alleged 2011 Acceleration

FFGGP fails to provide either evidence or arguments responding to Deutsche Bank Trustee's res judicata arguments relating to the purported 2011 acceleration.[4] FFGGP incorrectly states that Deutsche Bank Trustee's res judicata arguments relate to the 2019 acceleration.[5] But they do not. Deutsche Bank Trustee's res judicata arguments squarely addressed the 2011 acceleration.[6] A court has already decided that Deutsche Bank Trustee abandoned the 2011 acceleration."[7] Because FFGGP has not responded to this summary-judgment ground, the Court may consider this fact undisputed and grant summary judgment in favor of Deutsche Bank

---

[2] Doc. No. 17 at (¶¶ 31–35, Prayer); Doc. No. 27 at 21–23.
[3] Doc. No. 17 at (¶¶ 31–35, Prayer); Doc. No. 27 at 21–23.
[4] *See generally* Doc. No. 30.
[5] Doc. No. 30 at 2.
[6] Doc. No. 27 at 18–21.
[7] Doc. No. 27 at Ex. B-3 (app'x_259).

Trustee.[8] *See* FED. R. CIV. P. 56(e)(2), (3); *See Garcia v. State Farm Lloyds*, 629 F. Supp. 3d 504, 510 (N.D. Tex. 2022); *see also Davis v. Wells Fargo Bank NA et al.*, No. 4:14-CV-254-O, 2015 WL 11120587, at *2 (N.D. Tex. Jan. 15, 2015) (determining that plaintiff's failure to respond to bank's summary judgment arguments and evidence "allows the Court to consider [the bank's] facts undisputed for the purposes of the motion").

### C.  FFGGP Does Not Respond to Deutsche Bank Trustee's Abandonment-of-Acceleration Arguments Regarding the 2015 Acceleration

Deutsche Bank Trustee moved for summary judgment on FFGGP's limitations claim based on the 2015 acceleration because the summary-judgment evidence unequivocally establishes that any acceleration in 2015 was subsequently abandoned *about five months* after the initial January 14, 2015 acceleration date.[9] According to the Response, FFGGP does not dispute that Deutsche Bank Trustee sent correspondence to the Borrowers requesting less than the full accelerated balance due, which unequivocally abandoned the 2015 acceleration.[10] Summary judgment should be granted in favor of Deutsche Bank Trustee because Deutsche Bank Trustee abandoned the 2015 acceleration by issuing correspondence requesting less than the full accelerated balance due from the Borrowers before the limitations period expired in January 2019.[11] *See, e.g.*, *Jatera Corp. v. US Bank Nat'l Ass'n as Tr. for Registered Holders of Citigroup Mortg. Loan Tr.*, 917 F.3d 831, 835 (5th Cir. 2019) (acknowledging that default notice which requested less than the full debt constitutes an abandonment of a prior acceleration); *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016) ("[T]he request for payment of less than the full obligation—after initially

---

[8] FFGGP's disregard of Deutsche Bank Trustee's actual arguments in favor of responding to arguments not made suggests that this entire lawsuit—like the three prior lawsuits—is frivolous and should be dismissed with prejudice.
[9] Doc. No. 27 at 23–28.
[10] *See generally* Doc. No. 30.
[11] Doc. No. 27 at 26.

accelerating the entire obligation—was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration"); *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (holding that a lender waives or abandons its earlier acceleration when it "put[s] the [borrower] on notice of its abandonment of acceleration by requesting payment on less than the full amount of the loan").

D. **FFGGP Does Not Respond to Deutsche Bank Trustee's Arguments Relating to the Alleged 2019 Acceleration or Present Any Evidence Demonstrating Acceleration in 2019**

FFGGP contends that Deutsche Bank Trustee accelerated the 2007 Loan, as evidenced by the 2019 notice of sale.[12] Deutsche Bank Trustee never re-accelerated the 2007 Loan after it abandoned the 2015 acceleration because acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *See Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The summary-judgment record is devoid of either of these two notices. The Court should not assume that the 2019 notice of sale was based on a proper re-acceleration of the 2007 Loan without evidence of such.

E. **FFGGP Does Not Adequately Respond to Deutsche Bank Trustee's Arguments Regarding FFGGP's Failure to Furnish Proof of A Valid Tender Offer**

In the Response, FFGGP argues that it need not tender the amounts due and owing on the 2007 Loan to obtain quiet-title relief if the loan obligation is "unenforceable."[13] First, FFGGP has not shown that the loan obligation is unenforceable. Second, Texas law, as acknowledged by this Court, clearly requires FFGGP to furnish proof of a valid "tender [offer] of whatever amount is owed on the note" to obtain a judgment quieting title to the Property in its name. *See Cook-Bell v.*

---

[12] Doc. No. 30 at 3–4.
[13] Doc. No. 30 at 4.

*Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (citation omitted). Summary judgment should be granted in favor of Deutsche Bank Trustee because Deutsche Bank Trustee introduced into the record proof of the absence of any tender offer by FFGGP, and FFGGP has not presented any controverting evidence.

### III.   CONCLUSION

For these reasons, Deutsche Bank Trustee respectfully requests that the Court grant its Cross-Motion for Partial Summary Judgment and dismiss FFGGP's claims with prejudice as to the re-filing of the same. Deutsche Bank Trustee also requests all such further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Cynthia K. Timms**
Texas Bar No. 11161450
ctimms@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, a true and correct copy of the foregoing instrument was served on the following counsel of record *via CM/ECF, email, and/or CMRRR* according to the Federal Rules of Civil Procedure:

Kenneth S. Harter
Texas Bar No. 09155300
ken@kenharter.com
LAW OFFICES OF KENNETH S. HARTER
6160 Warren Parkway, Suite 100
Frisco, Texas 75034
Telephone: (972) 752-1928
Facsimile: (214) 206-1491
***Counsel for FFGGP, Inc., as Trustee***

Estate of Judy Colena Carter
Estate of Dorothy Elizabeth Smith
c/o Michael L. Ellis
12063 Ravenview Road
Dallas, Texas 75253
***Pro Se***

*/s/ Helen O. Turner*
Counsel for Defendant/Counter-Plaintiff/Third-Party Plaintiff