UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FFGGP, INC., AS TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-0470-B |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR SOUNDVIEW HOME LOAN | § | |
| TRUST 2008-1, ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2008-1, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's FFGGP, Inc., as Trustee ("FFGGP")'s Motion for Summary Judgment (Doc. 23) and Defendant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2008-1, Asset-Backed Certificates, Series 2008-1 ("Deutsche Bank")'s Cross Motion for Summary Judgment (Doc. 26). For the following reasons, the Court **GRANTS** FFGGP's Motion for Summary Judgment and **DENIES** Deutsche Bank's Cross Motion for Summary Judgment.

I.

FACTS

This is a quiet title suit. In 2007, Judy Carter and Dorothy Smith (collectively the "Borrowers") signed a Texas Home Equity Note (the "Note") to obtain a $161,825 loan from Delta Funding Corporation ("Delta"). Doc. 28-1, Def.'s App'x, 8–13. The Borrowers secured the Note with their home (the "Property") by executing a Texas Home Equity Security Instrument ("Security

Instrument"). *Id.* at 14–31. The Note and Security Instrument are together referred to as the "2007 Loan." The 2007 Loan was transferred from Delta to Deutsche Bank. *Id.* at 102–04. Deutsche Bank currently holds the 2007 Loan. *Id.* at 3. The Borrowers failed to make the necessary payments on the 2007 Loan. *Id.* at 4.

Deutsche Bank sent the Borrowers a Notice of Default and Intent to Accelerate on December 11, 2014. *Id.* at 106–08. It then sent them a Notice of Acceleration on January 14, 2015. *Id.* at 119–30. The accelerated balance was $213,434.65. *Id.* at 4. After the Borrowers failed to pay the accelerated balance, Deutsche Bank obtained an order to sell the Property. *Id.* at 141. It scheduled a foreclosure sale for March 1, 2016. *Id.* On June 18, 2015, Deutsche Bank sent the Borrowers a Reinstatement Quote requesting the Borrowers to pay $40,854.63 towards their principal and $6,771.62 in other fees. *Id.* at 151–52. The Reinstatement Quote did not mention the acceleration. *See id.* On January 19, 2016, Deutsche Bank sent the Borrowers a Delinquency Notice requesting $58,842.43 in payments and stating that their "account has been referred to an attorney to foreclose." *Id.* at 154–55. On February 1, Deutsche Bank sent the Borrowers a Notice of Foreclosure Sale and Notice of Posting and Sale. *Id.* at 146–47. The Notice stated that the 2007 Loan was previously accelerated. *Id.* at 146. However, Deutsche Bank did not foreclose on the Property. *Id.* at 5.

At some point, the Borrowers also failed to pay assessments by their Property's Homeowners Association ("HOA"), and the HOA filed a lien on the Property to secure unpaid fees.[1] Doc. 28-2

---

[1] The Court can take judicial notice of prior court proceedings. *See* FED. R. EVID. 201(b); *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020).

at 251. After the HOA foreclosed on its lien, FFGGP paid $5,600 to purchase the Property. Doc. 23-1, Pl.'s App'x, 5–7. FFGGP continues to possess the Property.

FFGGP filed a lawsuit challenging Deutsche Bank's lien in 2016. Doc. 28-2, Def.'s App'x, 207–48. FFGGP alleged that it had superior title; that the limitations period had run, meaning that Deutsche Bank Trustee's right to foreclose had expired; and that the home-equity lien was invalid. *Id.* at 219–20. The federal district court signed a Judgment in favor of Deutsche Bank, dismissing all FFGGP's claims with prejudice. *Id.* at 278–79. The Court specifically stated, "[T]he Court finds that [Deutsche Bank Trustee] is subrogated to the rights that ensue from the May 2005 Loan, and, therefore, [Deutsche Bank Trustee's] interest in the Property is superior to [FFGGP's] Assessment Lien." *Id.* at 273.

FFGGP filed this current lawsuit in October 2023. Doc. 1, Notice Removal, 1. FFGGP alleges that Deutsche Bank Trustee accelerated the Note "in December 2011, again in January 2015, and again in January 2019," without foreclosing within the limitations period. Doc. 9, Am. Compl., ¶ 10. FFGGP asserts a sole claim to quiet title based on the statute of limitations, asks the Court to enter a judgment to quiet title to the Property, and seeks court costs. *Id.* ¶¶ 9–10. Deutsche Bank asserts counterclaims for judicial foreclosure and trespass to try title against FFGGPP and the Borrowers. Doc. 17, Counterclaim, ¶¶ 26–35. FFGGP moves for summary judgment on its quiet title claim. Doc. 23, Pl.'s Mot. Summ. J., 1.[2] Deutsche Bank moves for summary judgment on FFGGP's quiet title claim and its trespass to try title claim against FFGGP. Doc. 27, Def.'s Mot. Summ. J., 5. The Court considers their Motions below.

---

[2] The page number refers to ECF pagination.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). On a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371–72 (5th Cir. 2002).

If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant has met its burden, the burden shifts to the non-movant, who must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 323). "This burden is not satisfied with some metaphysical doubt as to material facts, . . . by conclusory allegations, . . . by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (quotations omitted). A non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim," *Johnson v. Deep E. Tex.*

*Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), and "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting FED R. CIV. P. 56(e)). Finally, the evidence plaintiff proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

## III.

## ANALYSIS

A.   *The Court Grants FFGGP Summary Judgment on its Quiet Title Claim.*

"To prevail on a claim to quiet title, a plaintiff must show that: (1) she has an interest in a specific property; (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Aguilar v. Wells Fargo Bank, N.A.*, No. 3:16-cv-211-K-BN, 2017 WL 1450622, at *5 (N.D. Tex. Mar. 31, 2017) (Horan, M.J.), *report and recommendation adopted*, No. 3:16-cv-211-K, 2017 WL 1436962, (N.D. Tex. Apr. 24, 2017) (Kinkeade, J.). First, FFGGP showed that it has a valid interest in the Property. Second, the parties agree that FFGGP's title is affected by Deutsche Bank's claim. Third, Deutsche Bank's claim is unenforceable because Deutsche Bank did not foreclose on the Property within the time prescribed by the statute of limitations.

    1.   <u>FFGGP Has a Valid Interest in the Property.</u>

"A plaintiff in a suit to quiet title has the burden to establish, as an element of his claim, that he owns an interest in specific property." *Farkas v. Aurora Loan Servs., L.L.C.*, No. 05-15-01225-CV, 2017 WL 2334235, at *9 (Tex. App.—Dallas May 30, 2017, pet. denied). "Although suit to quiet title relies on the invalidity of the defendant's claim, a plaintiff in a suit to quiet title must prove and

recover on the strength of his own title, not the weakness of the defendant's title." *Id.* FFGGP established that it has an interest in the Property by attaching the Assessment Lien Deed conveying the Property to FFGGP. Doc. 23-1, Pl.'s App'x, 2, 5–8.

> 2. <u>Deutsche Bank's Interest Is Unenforceable Because the Statute of Limitations Expired.</u>

The Court next finds that Deutsche Bank's claim to the Property is unenforceable because the statute of limitations to foreclose on the property expired in 2019. Under Texas law, a party must bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitations period expires, the lien and power of sale become void and unenforceable. *Id.* § 16.035(d).

A foreclosure cause of action accrues when the lien holder exercises its option to accelerate the lien. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* Both notices must be "clear and unequivocal." *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991).

However, the statute of limitation period resets if the noteholder abandons its acceleration attempt. *Holy* Cross, 44 S.W.3d at 566. If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored, and the noteholder is no longer required to foreclose on the property within four years from the date of acceleration. *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist.] 2012, no pet.). In other words, once an acceleration is abandoned, the statute of limitations on foreclosure resets.

In Texas, abandonment has the following elements: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual

intent to relinquish the right, or intentional conduct inconsistent with the right." *Boren v. U.S. Nat'l Bank*, 807 F.3d 99, 105 (5th Cir. 2015) (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)). When an acceleration is abandoned by conduct inconsistent with the right to accelerate, the intent to abandon must be "unequivocally manifested." *Thompson*, 783 F.3d at 1025.

FFGGP offers three potential dates when Deutsche Bank accelerated its loan: 2011, 2015, 2019. Doc. 9, Am. Compl., ¶ 8. The Court finds Deutsche Bank accelerated its loan on January 14, 2015 and thus had to foreclose by January 14, 2019 at the latest. Because it failed to do so, its lien is unenforceable.

Here, the Court finds that Deutsche Bank accelerated the 2007 Loan on January 14, 2015 and failed to foreclose within four years, so the statute of limitations expired. As a preliminary matter, *res judicata* bars FFGGP from relitigating its 2011 limitation claim. *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Edu. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). This Court has already held that "there is no evidence the Note was accelerated in December 2011" and entered judgment for Deutsche Bank on these grounds. *See FFGGP, Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-CV-0742-M-BK, 2017 WL 4404460, at *4–5 (N.D. Tex. Sept. 6, 2017) (Toliver, M.J.), *report and recommendation adopted*, No. 3:16-CV-0742-M, 2017 WL 4351404 (N.D. Tex. Sept. 29, 2017) (Lynn, C.J.). Thus, no acceleration occurred in December 2011.

Second, the Court finds that Deutsche Bank accelerated its loan in 2015. Deutsche Bank sent a Notice of Default and Intent to Accelerate on December 11, 2014. Doc. 28-1, Def.'s App'x, 106–08. It sent a Notice of Acceleration on January 14, 2015. *Id.* at 119–30. Deutsche Bank argues

that it abandoned its acceleration. Doc. 27, Def.'s Mot. Summ. J, 22–27. As evidence of abandonment, Deutsche Bank attaches a Reinstatement Quote and Delinquency Notice sent on June 18, 2015 and January 19, 2016, respectively. Doc. 28-1, Def.'s App'x, 151–55.

Deutsche Bank did not abandon the acceleration. A lender may abandon acceleration "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Boren*, 807 F.3d at 105. A lender may also abandon a prior acceleration "by sending the [borrowers] account statements indicating the past due balance and by giving the [borrowers] the option to cure their default by paying the past due balance." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015). When an acceleration is abandoned by conduct, the intent to abandon must be "unequivocally manifested." *Thompson*, 783 F.3d at 1025.

Deutsche Bank did not "unequivocally manifest" an intent to abandon. *See id.* On June 18, 2015, Deutsche Bank sent the Borrowers a Reinstatement Quote asking them to pay $40,854.63 (less than the total amount due, *see* Doc. 28-1, Def.'s App'x, 4) to avoid foreclosure. *Id.* On January 19, 2016, Deutsche Bank sent the Borrowers a Delinquency Notice asking the Borrowers to pay $58,842.43. *Id.* at 154. The Delinquency Notice also states that "your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed." *Id.* Then, on February 1, 2016, Deutsche Bank sent the Borrowers a Notice of Posting and Sale ("Notice"). *Id.* at 146. The Notice states that "the Note was previously accelerated" and a foreclosure sale would occur on March 1, 2016, unless all unpaid principal and accrued interest was paid. *Id.*

The Reinstatement Quote and Delinquency Notice do not alone manifest an intent to abandon. In *Colbert v. Wells Fargo Bank, N.A.*, the Fifth Circuit held that a request for a reinstatement amount that a borrower could pay to avoid acceleration was not evidence of a clear intent to abandon acceleration. 850 F. App'x 870, 875 (5th Cir. 2021). And in *Hollenstead v. Bank of Am., N.A.*, the Court found that a reinstatement quote alone was insufficient to establish an intent to abandon because it did not address acceleration. No. 4:18-CV-00724-ALM-CAN, 2020 WL 4615096, at *14 (E.D. Tex. May 19, 2020). And in *U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, the Fifth Circuit held "the weight of our precedent suggests that monthly statements demanding less than the full amount of a loan are not alone sufficient to constitute abandonment." No. 21-20326, 2022 WL 1800860, at *6 (5th Cir. June 2, 2022). Here, too, Deutsche Bank did not unequivocally manifest an intent to abandon when sending a Reinstatement Quote because it did not even mention acceleration. Doc. 28-1, Def.'s App'x, 151–52. Nor did it abandon acceleration when it sent a Delinquency Notice that explicitly stated that the account was previously referred for foreclosure. *Id.* at 154. And the fact that Deutsche Bank sent a Notice of Foreclosure two weeks later most certainly does not demonstrate an intent to abandon acceleration when it explicitly states that the note was previously accelerated. *Id.* at 146–47.

Deutsche Bank insists that it abandoned acceleration by "sending . . . correspondence requesting less than the amount due" and cites several cases to support its proposition. Doc. 27, Def.'s Mot. Summ. J, 25. But in those cases, the correspondences make clear that the lienholders will forgo acceleration in exchange for the borrower paying less than the amount owed. For example, in *Boren*, the lender told the borrower it would not accelerate the loan if the borrowers paid a specific amount that was less than the total amount due. 807 F.3d at 106. And in *Cline v. Deutsche Bank*

*National Trust Co.*, the lender sent a new notice of intent to accelerate and demand for payment, requesting less than the full amount. No. 3:14-CV-1565-D, 2015 WL 4041791, at *6 (N.D. Tex. July 2, 2015) (Fitzwater, J.). In these cases, the lenders made clear they were willing to forgo acceleration in exchange for a lesser payment. Here, the intent is not clear in Deutsche Bank's letters because they do not mention acceleration. Thus, the Court finds Deutsche Bank accelerated the 2007 Loan on January 14, 2015, and it needed to foreclose by January 14, 2019 to fall within the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). Because Deutsche Bank failed to foreclose, its lien is unenforceable. The Court need not consider whether Deutsche Bank accelerated in 2019 because its lien would have already been unenforceable. Because FFGGP has established its interest in the Property and that Deutsche Bank's interest is void, the Court **GRANTS** summary judgment on FFGGP's quiet title claim.

B.      *The Court Denies Deutsche Bank's Motion for Summary Judgment on its Trespass to Title Claim.*

The Court **DENIES** Deutsche Bank's Motion for Summary Judgment on its Trespass to Title claim. "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Deutsche Bank cannot prevail on its Trespass to Title claim because its 2007 Loan is void and unenforceable due to its failure to foreclose within four years of acceleration. However, the Court will not dismiss the claim because FFGGP failed to move for summary judgment on it.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** FFGGP's Motion for Summary Judgment (Doc. 23) and **DENIES** Deutsche Bank's Cross Motion for Summary Judgment (Doc. 26). The Court **GRANTS** summary judgment on FFGGP's quiet title claim and will enter final judgment after the remaining claim is resolved. Deutsche Bank's Trespass to Title and Judicial Foreclosure claims will proceed to trial.

**SO ORDERED**.

**SIGNED: March 3, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE